IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| DAVID BARLOW; and BARBARA A. DONHAM, | Civil No. 04-3070-CO |
| Plaintiffs, | FINDINGS AND RECOMMENDATION |
| v. | |
| UNITED STATES; et al., | |
| Defendants. | |

COONEY, Magistrate Judge:

In this action, plaintiffs seek judicial review of decisions of the Bureau of Land Management (BLM) and Interior Board of Land Appeals (IBLA) in accordance with 5 U.S.C. §§ 702 and 706 of the Administrative Procedure Act (APA). This court has jurisdiction pursuant to 28 U.S.C. § 1331. Defendants have filed a motion for summary judgment (#3). Plaintiffs oppose defendants' motion.

## I. FACTS

In making the following findings of fact, the court considers the evidence in the light most favorable to the non-moving party:

The Bureau of Land Management (BLM) received from plaintiffs, on August 30, 2002, at 8:30 a.m., a Maintenance Fee Waiver Certification for the assessment year beginning noon of

Findings and Recommendation - 1

September 1, 2002, and ending at noon on September 1, 2003. (AR 84.) That document provided in part as follows: "3. The undersigned have performed the assessment work required by law for each mining claim listed prior to filing this waiver and understand that by filing this form; <u>an affidavit of assessment work must be recorded by the December 30th following the filing of this waiver</u>." (Emphasis added)

A Proof of Labor was filed by plaintiffs and received by the BLM on August 30, 2002, at 8:30 a.m. for the year ending September 1, 2002. (AR 86.)

A Maintenance Fee Payment Waiver Certification was filed by plaintiffs and received by the BLM on September 2, 2003, at 9:38 a.m. (AR 89.)

The Department of Interior, BLM, Oregon State Office, Portland, Oregon, issued a Decision dated April 21, 2004, forfeiting by operation of law plaintiffs' mining claim. (AR 90-92.) Plaintiffs filed a Notice of Appeal. (AR 95-99.)

The United States Department Office of Hearings and Appeals, Interior Board of Land Appeals (IBLA), issued a Decision dated July 26, 2004, affirming the decision of the BLM. (AR 113-116.)

The Administrative Record of the Bureau of Land Management does not contain either a Notice of Intention to hold the mining claim, or an affidavit of assessment work (Proof of Labor) filed on or before December 30, 2003.

The administrative record contains plaintiffs' notice of appeal to the IBLA wherein it states that, on the same day of recording the proof of labor with the Jackson County Recorder's officer, the mining claimants mailed all paperwork and $20 fee to the BLM. (AR 96).

The administrative record contains a copy of the proof of the annual assessment that was filed

Findings and Recommendation - 2

with the Jackson County Recorder's office on September 8, 2003, by plaintiffs. (AR 97).

## II. LEGAL STANDARDS

A moving party is entitled to summary judgment as a matter of law "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issues as to any material fact . . . ." Fed. R. Civ. P. 56(c); Freeman v. Oakland Unified Sch. Dist., 291 F.3d 632, 636 (9th Cir. 2002). The court cannot weigh the evidence or determine the truth but may only determine whether there is a genuine issue of fact. Playboy Enters., Inc. v. Welles, 279 F.3d 796, 800 (9th Cir. 2002).

The moving party must carry the initial burden of proof. Celotex Corp. v. Catrett, 477 U.S. 317, 322-24 (1986). The moving party meets this burden by identifying for the court portions of the record on file which demonstrate the absence of any genuine issue of material fact. Id.; Devereaux v. Abbey, 263 F.3d 1070, 1076 (9th Cir. 2001) (en banc). In assessing whether a party has met its burden, the court views the evidence in the light most favorable to the non-moving party. Allen v. City of Los Angeles, 66 F.3d 1052, 1056 (9th Cir. 1995). All reasonable inferences are drawn in favor of the non-movant. Gibson v. County of Washoe, 290 F.3d 1175, 1180 (9th Cir. 2002), cert. denied, 537 U.S. 1106 (2003).

If the moving party meets its burden with a properly supported motion, the burden then shifts to the opposing party to present specific facts which show there is a genuine issue for trial. Fed. R. Civ. P. 56(e); Auvil v. CBS "60 Minutes", 67 F.3d 816, 819 (9th Cir. 1995); see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 & n.4 (1986). If the moving party presents evidence which, taken by itself, would establish the right to a directed verdict at trial, the motion for summary judgment must be granted, in the absence of any significant probative evidence tending to support the opposing

Findings and Recommendation - 3

party's theory of the case. THI-Hawaii, Inc. v. First Commerce Fin. Corp., 627 F.2d 991, 993-94 (9th Cir. 1980); First Nat'l Bank v. Cities Serv. Co., 391 U.S. 253, 290 (1968). Conclusory allegations, unsupported by factual material, are insufficient to defeat a motion for summary judgment. Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposing party must, by affidavit or as otherwise provided by Rule 56, designate specific facts which show there is a genuine issue for trial. Devereaux, 263 F.3d at 1076.

### III. DISCUSSION

Defendants contend that the BLM's decision is not arbitrary, capricious, or contrary to law, and was supported by substantial evidence. Plaintiffs contend that the BLM failed to follow the standard in Red Top Mercury Mines,[1] and instead put forth its own standard for timely filing of documents and, therefore, its decision is arbitrary and capricious and not in accordance with law. Specifically, plaintiffs contend that, on September 8, 2003, after registering the document with the Jackson County Recorder's office, they mailed the document to BLM. They point to their notice of appeal in support, (AR 96-97). Plaintiffs rely on the presumption of mailing or "common law mailbox rule" in support of their contention. They argue that the presumption of mailing should not be overcome by the presumption of regularity relied on by defendants. They contend that their case is distinguishable from Red Top Mercury Mines because they "affirmatively state that they mailed the documents to the BLM after filing the annual assessment with the Jackson County Recorder's Office," and evidence that the annual assessment was filed with the county is a logical inference that they also would have mailed it to the BLM. (Pls. Resp. at 5.) They argue that "When the failure to file documents in a timely fashion results in forfeiture, the BLM's standard in determining whether

---

[1] Red Top Mercury Mines, Inc. v. United States, 887 F.2d 198 (9th Cir. 1989).

Findings and Recommendation - 4

the documents were timely filed or lost by the BLM should not be so onerous that a claimant cannot over come [sic] it with evidence that they timely mailed the documents." (Pls. Resp. at 5.) Plaintiffs assert that they have submitted sufficient evidence to the agency to overcome the presumption of regularity, and the BLM's standard is arbitrary and capricious and not in accordance with law. Defendants reply that plaintiffs fail to present any facts to overcome the presumption of regularity or any arguments why the presumption of regularity should not apply in this case. They contend that the statement of the attorney in the notice of appeal is legally insufficient and, even if it is considered, the statement is insufficient because, under Red Top Mercury Mines, an affidavit stating that a notice was filed within the usual course of business, without more, is insufficient. Defendants contend that there is nothing in the record to corroborate plaintiffs' claim that they filed an affidavit of assessment work on or before December 30, 2003, or that the BLM deviated from its established procedure.

The parties agree that the standard of review applicable to this APA review is the "arbitrary and capricious" standard, which provides in pertinent part that, "The reviewing court shall– . . . (2) hold unlawful and set aside agency action, findings, and conclusions found to be– (A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A); Hjelvik v. Babbitt, 198 F.3d 1072, 1074 (9th Cir. 1999); Akootchook v. United States, 271 F.3d 1160, 1164 (9th Cir. 2001).

> The scope of review under the "arbitrary and capricious" standard is narrow and a court is not to substitute its judgment for that of the agency. Nevertheless, the agency must examine the relevant data and articulate a satisfactory explanation for its action including a "rational connection between the facts found and the choice made." In reviewing that explanation, [the court] must "consider whether the decision was based on a consideration of the relevant factors and whether there has been a clear error of judgment."

Findings and Recommendation - 5

Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co., 463 U.S. 29, 43 (1983) (citations omitted); see Hjelvik, 198 F.3d at 1074; Akootchook, 271 F.3d at 1164. An agency decision will be arbitrary and capricious

> if the agency has relied on factors which Congress has not intended it to consider, entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise.

Motor Vehicle Mfrs. Ass'n, 463 U.S. at 43; Southwest Ctr. for Biological Diversity v. U.S. Forest Serv., 100 F.3d 1443, 1448 (9th Cir. 1996) (citing Citizens to Preserve Overton Park, Inc. v. Volpe, 401 U.S. 402, 414 (1971), overruled on another ground by Califano v. Sanders, 430 U.S. 99 (1977). "There is a judicial presumption favoring the validity of administrative action." Wilderness Pub. Rights Fund v. Kleppe, 608 F.2d 1250, 1254 (9th Cir. 1979).

The record shows that the BLM forfeited plaintiffs' claims by operation of law for the reason that plaintiffs failed to file an affidavit of annual assessment work performed (proof of labor) or a notice of intent to hold a mill or tunnel site with the BLM on or before December 30, 2003, as required by regulations, 43 C.F.R. § 3835.30. (AR 90.) In plaintiffs' notice of appeal appealing the BLM's decision, plaintiffs stated in pertinent part:

> the mining claimants did file proof of labor with the recorder of Jackson County, Oregon on September 3, 2003[2], proof of their annual labor as set for [sic] in Exhibit A attached hereto which was recorded in the official records of Jackson County Oregon, Instrument No. 03 61403. On the same date of recording the proof of labor, the mining claimants mailed all the paperwork and $20 fee to the Bureau of Land Management.

(AR 96-99.) In its decision, the IBLA noted that appellants provided on appeal evidence that the

---

[2] It appears that this date should be September 8, 2003. (AR 97.)

Findings and Recommendation - 6

BLM received a maintenance fee waiver certification for the 2004 assessment year for the claims at issue and a copy of a proof of labor for the claims recorded with Jackson County, Oregon, on September 8, 2003. The IBLA decision states: "Appellants assert that '[o]n the same date of recording the proof of labor, the mining claimants mailed all the paperwork and $20 fee to the Bureau of Land Management," citing plaintiffs' notice of appeal. (AR 114.) The IBLA found, however, that "There is no evidence in the case record that BLM ever received that proof of labor or the $20 fee." (AR 114.) Citing the presumption of regularity, the IBLA found that this presumption "is not overcome by an uncorroborated statement that a document was submitted to BLM because receipt of the document by BLM is crucial." (AR 114, fn. omitted.) The IBLA found that plaintiffs' "mere allegation" that the document was mailed to BLM on September 8, 2003, did not rise to the level of evidence which would establish that "it was 'more probable than not' that the missing document was timely filed." (AR 114.) The IBLA affirmed the BLM's decision. (AR 115.)

In order to qualify for a claim maintenance fee waiver, a mining claimant must perform the required assessment work for the assessment year and file an affidavit of annual assessment work on or before December 30 of the assessment year. 30 U.S.C. § 28f(d)(1); 43 U.S.C. § 1744(a); 43 C.F.R. § 3835.31. Here, the BLM and the IBLA found that plaintiffs had not filed the requisite affidavit of annual assessment or proof of labor before December 30, 2003, for the 2003 assessment year. Such a failure results in forfeiture of the mining claims by operation of law. 30 U.S.C. § 28i; 43 U.S.C. § 1744(c); 43 C.F.R. § 3830.91(a)(7); United States v. Locke, 471 U.S. 84, 106-07 (1985).

The Ninth Circuit recognizes that "There is a presumption of regularity in the performance of their duties by government officials." Red Top Mercury Mines, 887 F.2d at 202-03 (citing Citizens to Preserve Overton Park, 401 U.S. at 415; Daly v. Volpe, 514 F.2d 1106, 1111 (9th Cir.

Findings and Recommendation - 7

1975)).  This presumption can be overcome by evidence by claimant showing that it was "more probable than not" that a document was filed with the BLM.  See Hirsch v. Clark, No. NC 83-0097A, 1984 WL 6209, at *2-*3 (D. Utah August 29, 1984); James L. Gleave, 112 IBLA 281, 285 (1990); Silver King Mining Co., 122 IBLA 357, 359 (1992).  The IBLA accords priority to the presumption of regularity over the presumption that mail correctly addressed and deposited in the mail is timely received.  Gleave, 112 IBLA at 284; Paul C. Lewis v. BLM, 150 IBLA 76 (1999).

Plaintiffs attempt to distinguish Red Top Mercury Mines, arguing that,

> Unlike the plaintiffs in *Red Top Mercury Mines*, in this case, plaintiffs affirmatively state that they mailed the documents to the BLM after filing the annual assessment with the Jackson County Recorder's office.  Plaintiffs provide evidence that the annual assessment was filed with the Jackson County Recorder's office.  It is a logical inference that if plaintiffs filed the annual assessment with the Jackson County Recorder's office that they also would have mailed it to the BLM in order to complete the procedure to hold their mining claims.

(Pls. Resp. at 5.)

In Red Top Mercury Mines, 887 F.2d 198, in support of its contention that it filed a notice of assessment work for 1981, claimant offered the affidavit of its chief officer who stated that he believed he submitted a copy of the combined 1980 and 1981 assessment year notice to the BLM in 1981.  Claimant asserted that the absence of evidence in the case file of the 1984 filing, coupled with the practice of regularity of its filings should be sufficient evidence to suggest an actual duplicate filing by it and to overcome any presumption of regularity of the BLM.  The Ninth Circuit, relying on similar facts in Wilson v. Hodel, 758 F.2d 1369, 1372-73 (10th Cir. 1985), and the presumption of regularity, found that plaintiff had not presented sufficient evidence to overcome the presumption of regularity by the BLM.  The court found that no corroborating evidence was presented that the notice of assessment work was indeed filed in 1981.  Red Top Mercury Mines, 887 F.2d at 202-03.

Findings and Recommendation - 8

Here, while plaintiffs assert, through a statement of counsel in their notice of appeal that they mailed all paperwork and $20 fee to BLM on the same date that they filed proof of labor with Jackson County, there is no *evidence* of record which shows that the BLM received plaintiffs' affidavit of annual assessment or proof of labor for the 2003 assessment year by December 30, 2003. The statement of plaintiffs' counsel in the notice of appeal does not constitute evidence, but is, as found by the IBLA, a "mere allegation." (AR at 114.) Nor does the proof of labor recorded with Jackson County on September 8, 2003, along with plaintiffs' allegation that it was mailed along with the fee on the same date constitute evidence that it was timely received by BLM. As in Red Top Mercury Mines and Wilson, plaintiffs present no corroborating evidence that the proof of labor for 2003 was timely filed with the BLM.

A review of the administrative record and applicable law indicates that the BLM and the IBLA considered relevant data and relevant factors in making their determinations and satisfactory explanations were given. The court finds that the BLM's decision to forfeit plaintiffs' mining claims and the IBLA's decision affirming the BLM's decision after considering the materials plaintiffs submitted on appeal were not arbitrary and capricious. Defendants' motion for summary judgment should be granted.

## IV. FINDINGS AND RECOMMENDATION

Based on the foregoing, it is recommended that defendants' motion for summary judgment (#3) be granted.

***This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.*** **Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order.**

Findings and Recommendation - 9

***The parties shall have ten days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties have ten days within which to file a response to the objections.*** Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

DATED this \_\_\_26\_\_\_\_ day of January, 2005.

_____/s/_____
UNITED STATES MAGISTRATE JUDGE